IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Jennifer Nightingale, ) | Civil Action No. 7:17-cv-00013-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Caliber Holdings Corporation, ) | |
| d/b/a Caliber Collision, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's motion for summary judgment based on judicial estoppel. [Doc. 23.] Plaintiff alleges a claim of sex discrimination and sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and a state law claim of intentional infliction of emotional distress. [Doc. 33.] Pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

Plaintiff filed this action on November 29, 2016, in the Spartanburg County Court of Common Pleas. [Doc. 1-1.] Defendant removed the action to this Court on January 3, 2017 [Doc. 1], and Plaintiff amended her Complaint on January 10, 2017 [Doc. 7], and April 24, 2017 [Doc. 33]. On April 11, 2017, Defendant filed a motion for summary judgment based on judicial estoppel. [Doc. 23.] Plaintiff filed a response in opposition on April 24, 2017 [Doc. 32], and Defendant filed a reply on May 1, 2017 [Doc. 35]. Accordingly, the motion for summary judgment is ripe for review.*

---

*As stated in the Text Order granting the consent motion for leave to file a Second Amended Complaint, because the Second Amended Complaint removes only the

## BACKGROUND

Plaintiff, a female, worked for Defendant from October 2014 through May 2015. [Doc. 33 ¶ 4.] During her employment with Defendant, Plaintiff began having an extramarital affair with her supervisor. [*Id.* ¶ 6.] Plaintiff alleges that when she refused to continue the affair, she was terminated. [*Id.* ¶ 7.] Plaintiff subsequently filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dated February 8, 2016, alleging discrimination based on sex and retaliation. [Doc. 23-1.] On August 31, 2016, the EEOC issued a Dismissal and Notice of Rights. [Doc. 23-2.] As stated, Plaintiff filed this action on November 29, 2016, in the Spartanburg County Court of Common Pleas. [Doc. 1-1.] In her Second Amended Complaint, Plaintiff brings the following claims: discrimination based on sex/sexual harassment under Title VII and intentional infliction of emotional distress. [Doc. 33.]

On August 30, 2016, Plaintiff's former husband filed a Complaint for Divorce in the Spartanburg County Family Court (the "Family Court"). [Doc. 23-3 at 44–45.] Also on August 30, 2016, Plaintiff and her former husband entered into and filed in the Family Court a Marital Settlement Agreement. [*Id.* at 51–61.] On September 2, 2016, Plaintiff filed in the Family Court a Financial Declaration. [*Id.* at 22–27.] A hearing was held in the Family Court, and Plaintiff was not represented by an attorney. [*See id.* at 1.] On January 6, 2017, the Family Court filed a Final Order of Divorce, noting that Plaintiff and her former husband had agreed as to how the marital property should be divided, and incorporated

---

defamation cause of action but the pending motion for summary judgment argues Plaintiff is judicially estopped from pursuing all her claims in this action, the Court considers the motion as addressed to the Second Amended Complaint. [Doc. 30.]

the Marital Settlement Agreement and made it a part of the Final Divorce Order. [*Id.* at 1–13.]

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude

granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

"Judicial estoppel is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007). It is an equitable doctrine, and the decision whether to invoke it is, therefore, within the court's discretion. *In re Coastal Plains,*

*Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). However, "judicial estoppel must be applied with caution." *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996).

For a court to apply judicial estoppel, three elements must be satisfied. First, "the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation." *Id.* The position "must be one of fact rather than law or legal theory." *Id.* "Second, the prior inconsistent position must have been accepted by the court." *Id.* Finally, "the party sought to be estopped must have 'intentionally misled the court to gain unfair advantage.'" *Id.* (citing *Tenneco Chemicals, Inc. v. William T. Burnett & Co.*, 691 F.2d 658, 665 (4th Cir. 1982)). The final factor is the "determinative factor" in the application of judicial estoppel to a particular case. *Tenneco*, 691 F.2d at 665.

Defendant argues judicial estoppel prevents Plaintiff from pursuing her claims in this case because Plaintiff failed to include her claims against Defendant in her Financial Declaration and/or Marital Settlement Agreement with the Family Court. [Doc. 23-4.] Defendant relies on cases where courts have precluded plaintiffs from pursuing employment claims they failed to disclose in prior proceedings, primarily bankruptcy cases, though Defendant has directed the Court to cases where the Court of Appeals for the Seventh Circuit and the District Court for the Southern District of Florida applied judicial estoppel based on positions taken in earlier divorce proceedings. [*Id.* at 5–6; Doc. 35 at 6–7.] Plaintiff, on the other hand, argues that she has not made a clearly inconsistent statement and there is no evidence she intentionally acted to mislead the Family Court because the Financial Declaration does not expressly require disclosure of potential claims in the same manner as a bankruptcy form. [Doc. 32 at 3–5.] Plaintiff further argues that asset disclosure serves different purposes in family court and bankruptcy court and affects

the proceedings to a different degree such that judicial estoppel is not necessary in this case to protect the integrity of the judicial system. [*Id.* at 5–8.] Plaintiff notes that a limited action could be brought subsequent to a divorce proceeding to determine the division of settlement proceeds later determined to be marital property and that the Final Order of Divorce in this case does not state that the Family Court reviewed the parties' financial declarations or made any independent analysis or decision based on the declarations. [*Id.*]

Here, even assuming without deciding that Plaintiff is seeking to adopt a position that is inconsistent with a stance taken in the Family Court and that the Family Court accepted Plaintiff's prior inconsistent position, the third factor determines that judicial estoppel is inappropriate. Nothing in the record before this Court suggests that Plaintiff intentionally misled the Family Court to gain unfair advantage. Defendant contends Plaintiff's intent can be inferred because she (1) knew of her claims against Defendant, and (2) had a motive to conceal her claims because the concealment resulted in her having no child support or alimony liability and no obligation to share any of her potential proceeds with her former husband. [Doc. 35 at 4–5.] However, the cases Defendant relies on for the proposition that intent can be inferred from the record all deal with omission of assets in bankruptcy cases. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002) (collecting cases). As argued by Plaintiff, the bankruptcy forms make clear to a debtor that claims against third parties are considered assets that must be disclosed in bankruptcy proceedings. [Doc. 32-2 at 8 (bankruptcy Form 106, Schedule A/B, Question 33—"**Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**/*Examples:* Accidents, employment disputes, insurance claims, or rights to sue").]

6

However, the South Carolina Family Court financial declaration does not reference claims against third parties. [Doc. 32-3; *see* Doc. 23-3 at 22–27 (Plaintiff's Financial Declaration filed in the Family Court).] Another case relied on by Defendant, *Stabielli v. Eagle Roofing Prods. Fla., LLC*, No. 12-80766, 2013 WL 12101139 (S.D. Fla. Aug. 19, 2013), is similarly distinguishable because the Florida family court financial affidavit advises as follows:

> "**Contingent Assets and Liabilities:**
>
> INSTRUCTIONS: If you have any **Possible assets** (income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or **Possible liabilities** (*possible lawsuits*, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here."

*Id.* at *1 (quoting Florida Family Law Form 12.902(b), Family Affidavit Financial Affidavit Short Form (09/06)) (emphasis in *Stabielli*). Nothing in the South Carolina Family Court financial declaration would have indicated to Plaintiff, who represented herself in the divorce proceedings, that her claim against Defendant would have been considered an asset in those proceedings. Therefore, the Court declines to infer that Plaintiff intended to mislead the family court, and Defendant has directed the Court to no evidence of an intent to mislead. Accordingly, the undersigned finds it is inappropriate for the Court to exercise its discretion to invoke judicial estoppel in this case, and Defendant's motion for summary judgment based on judicial estoppel should be denied.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion for summary judgment based on judicial estoppel be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 22, 2017
Greenville, South Carolina