IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jennifer Nightingale, | ) | |
| | ) | C/A No. 7:17-00013-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Caliber Holdings Corporation, | ) | |
| d/b/a Caliber Collision, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jennifer Nightingale alleges a claim of sexual harassment under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and a state law claim of intentional infliction of emotional distress. (Am. Compl. at 3, ECF No. 33 at 3). Defendant Caliber Holdings Corporation, d/b/a Caliber Collision, filed a motion for summary judgment. (ECF No. 23). Plaintiff filed a response opposing the motion (ECF No. 32), and Defendant filed a reply (ECF No. 35). This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") recommending that the court grant the Defendant's summary judgment motion. (ECF No. 37). Plaintiff timely filed objections (ECF No. 38), and Defendant filed a reply (ECF No. 41).

**I. Background/Procedural History**

Plaintiff worked full-time for Defendant from October 2014 until May 2015. (Am. Compl. ¶ 4). During her employment, she began an extra-marital affair with her supervisor, Cory Caldwell. (*Id.* ¶ 6). Plaintiff alleges that when she refused to continue the affair, she was terminated. (*Id*. ¶ 7). On February 8, 2016, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"). On August 31, 2016, the EEOC issued Plaintiff a Right to

Sue Letter. Plaintiff then filed this action in state court on November 29, 2016. (ECF No. 1-1).

On August 30, 2016, Plaintiff's husband filed for a divorce in the Family Court and, on that same date, Plaintiff and her husband entered into a marital settlement agreement. (ECF No. 23-3 at 44-50; ECF No. 23-3 at 44-61). In the divorce action, as part of the settlement agreement, Plaintiff filled in a financial declaration disclosing her income, expenses, assets, and liabilities. (ECF No. 23-3 at 22-27). Plaintiff did not list as an asset her claims against Defendant. The divorce became final on January 6, 2017. (ECF NO. 23-3 at 1-4).

## II. Applicable Law

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

## III. Discussion

In its motion for summary judgment, Defendant contends that because Plaintiff failed to include the claims she alleges in this action as assets in her financial declaration in family court, she should be precluded through judicial estoppel from pursuing her claims. Plaintiff argues that

2

she did not make a clearly inconsistent statement and there is no evidence that she intentionally mislead the family court. She contends the financial disclosure form used in South Carolina's family courts does not expressly require the disclosure of potential claims.

"[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).[1] Judicial estoppel is "exists to prevent litigants from playing 'fast and loose' with the courts - to deter improper manipulation of the judiciary." *Folio v. City of Clarksburg, W. Va.*, 134 F.3d 1211, 1217 (4th Cir. 1998) (*quoting John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28-29 (4th Cir. 1995)). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position. . . ." *New Hampshire,* 532 U.S. at 749.

> Judicial estoppel is an "extraordinary remed[y] to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice." . . . It is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts. Judicial estoppel is not a sword to be wielded by adversaries unless such tactics are necessary to "secure substantial equity."

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3d Cir.1996) (internal citation omitted).

The Fourth Circuit Court of Appeals has identified four elements that must be met before a court may apply judicial estoppel: (1) "the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation;" (2) "the position sought to be estopped must be one of fact rather than law or legal theory;" (3) "the prior inconsistent position must have been accepted by the court;" and (4) "the party sought to be estopped must have

---

[1] Judicial estoppel is a matter of federal law, rather than state law. *Lowery v. Stovall*, 92 F.3d 219, 223 n.3 (4th Cir. 1996).

intentionally misled the court to gain unfair advantage." *Lowery v. Stovall*, 92 F.3d 219, 223-24 (4th Cir. 1996) (internal quotation marks omitted). The court has characterized the final element as determinative. *Id.* at 224 (internal quotation marks omitted). Moreover, "[w]ithout bad faith, there can be no judicial estoppel." *Zinkand v. Brown,* 478 F.3d 634, 639 (4th Cir. 2000).

Defendant relies mostly on cases involving bankruptcy petitions. Along with many other circuits, the Fourth Circuit Court of Appeals has recognized judicial estoppel when a party has failed to claim a pending lawsuit in a bankruptcy petition. *See Whitten v. Fred's, Inc.*, 601 F.3d 231, 241-42 (4th Cir.2010), abrogated in part on other grounds by *Vance v. Ball State Univ.*, ___ U.S. ___, 133 S.Ct. 2434, 2443 (2013). However, in a bankruptcy petition, a debtor is required to list a schedule of assets, including "all personal property of the debtor of whatever kind," and property of a bankruptcy estate is broadly defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §§ 521(1), 541(a)(1). This definition includes "all causes of action that could be brought by a debtor." *Calafiore v. Werner Enters., Inc.*, 418 F.Supp.2d 795, 797 (D.Md. 2006). Defendant did not cite, and the court was unable to find, a non-bankruptcy case where judicial estoppel has been applied by any federal court in the Fourth Circuit.

Defendant, relying on one case from the Southern District of Florida, *Stabielli v. Eagle Roofing Products Florida, LLC*, No. 12-80766, 2013 WL 12101139 (S.D. Fla. Aug. 19, 2013), argues that the court should extend judicial estoppel to cases where a party has failed to include a pending or potential lawsuit on a financial declaration filed in a family court action. As the Magistrate Judge noted, however, the forms in the family court in Florida are different from South Carolina's forms. Under a "Contingent Assets and Liabilities" section, the Florida forms specifically refer to "possible lawsuits"- at least as to liabilities, which would clearly put a party on notice that a "possible lawsuit" might also be considered an asset. South Carolina's form, on

4

the other hand, does not refer to "possible lawsuits" at all. Moreover, in *Stabielli* the court pointed out that although the plaintiff was acting pro se, she was a "highly experienced and competent pro se litigator," having handled several cases in the past. 2013 WL 12101139 *3.

Moreover, in *Stabielli*, the court found the plaintiff's argument that she was confused by the financial declaration form to be contradicted by her deposition testimony where she testified the only reason that she did not disclose the lawsuit was that she did not think about it. *Id.* at *4.[2] Finally, the court notes that, in the Eleventh Circuit employs a two-part test for the application of judicial estoppel requiring a showing of 1) allegedly inconsistent positions made under oath in a prior proceeding; and 2) the inconsistencies were calculated to make a mockery of the judicial system. *See e.g. Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). In *Stabielli*, while the court noted that whether the party intentionally mislead the state court is irrelevant and immaterial under its two-part test for the application of judicial estoppel, the Fourth Circuit has found this factor to be determinative. For these reasons, the court declines to apply the holding in *Stabielli*, and finds Defendant's objections based on its holding are without merit.

Turning to the case at hand, the court agrees with the Magistrate Judge and finds the application of judicial estoppel is inappropriate here. First, arguably the position taken by Plaintiff is not inconsistent with a stance previously taken in the family court. There is nothing in South Carolina's financial declaration form which specifically requires a party to include a potential lawsuit as an asset. Second, whether the potential lawsuit was considered an asset on the family court's financial declaration is arguably a question of law, rather than fact. *See Minnieland Private Day School, Inc., v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 458 (4th Cir. 2017). However, even if the court were to assume the first two

---

[2]The court also notes that in *Stabielli*, the issue was the plaintiff's attorney's fees as the employment claim had already been resolved. 2013 WL 12101139 *2, *5.

elements were met, as the Magistrate Judge determined, Defendant cannot satisfy the third element as there is nothing in the record that suggests Plaintiff, who was proceeding pro se in the family court action and did not have the experience that the plaintiff had in *Stabielli*, intentionally mislead the family court to gain an unfair advantage. *See Berkowitz v. Berkowitz*, No. 11-10483-DJC, 2015 WL 1442987 (D. Mass. Mar. 30, 2015) (holding judicial estoppel inappropriate where counsel did not list securities on financial disclosure form because he did not believe he was obligated to include it). Additionally, here, Plaintiff's husband was aware Plaintiff had been terminated from her employment after she ended the affair. Having failed to establish the necessary elements of judicial estoppel, the court denies Defendant's summary judgment motion.

## IV. Conclusion

Accordingly, based on the foregoing, the court adopts the Report (ECF No. 37) and Defendant's Motion for Summary Judgment (ECF No. 23) is **DENIED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 16, 2017